NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 17 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-1629 |
| Plaintiff - Appellee, | D.C. No. 2:21-cr-00168-JAD-EJY-3 |
| v. | |
| STANLEY BOOKER, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted July 9, 2025**
San Francisco, California

Before: H.A. THOMAS and DE ALBA, Circuit Judges, and RAKOFF, District
Judge.***

Stanley Booker appeals his sentence under 18 U.S.C. §§ 371, 2113(a), and

2314 on the ground that the multiple counts to which he pled guilty should have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

been grouped together for sentencing purposes pursuant to U.S. Sentencing Guidelines ("U.S.S.G.") § 3D1.2(b). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Booker concedes that plain error review applies to his claim as he failed to object to the applicable Guidelines sentencing range before the district court. "An error is plain if it is clear or obvious under current law." *United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003) (citing *United States v. Olano*, 507 U.S. 725, 734 (1993)). "An error cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results." *Id.* Booker has provided no authority to support his position that U.S.S.G. § 3D1.2(b) applies to the counts to which he pled guilty. Therefore, even assuming the district court erred by not grouping certain counts together for sentencing purposes, the error was not plain as it was not "clear or obvious under current law." *Id.*

**AFFIRMED.**